UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL WRIGHT,**<br><br>Plaintiff,<br><br>v.<br><br>**ROCKET AUTO LLC, ET AL.,**<br><br>Defendants. | 2:22-CV-11808-TGB-DRG<br><br>HON. TERRENCE G. BERG<br>HON. DAVID R. GRAND<br><br><br>**ORDER DISMISSING CASE** |

Plaintiff Michael Wright sues Rocket Auto LLC—his former employer—and several of his former coworkers. Wright claims that Rocket Auto and the other defendants discriminated against him because he is disabled. *See* Compl., ECF No. 1. Wright requests permission to proceed *in forma pauperis*—that is, without prepaying the filing fees that would ordinarily apply. ECF No. 2. For the reasons explained below, Wright's request to proceed without prepaying fees will be granted, but his complaint will be dismissed for failure to state a claim upon which relief may be granted, and Wright will be given permission to amend his complaint and further flesh out his allegations.

### I.  STANDARD OF REVIEW

The standards governing *in forma pauperis* motions are found in 28 U.S.C. § 1915. That statute provides that a court may authorize a person to file suit without prepaying the filing fees that are ordinarily required

1

if that person submits an affidavit demonstrating that the person "is unable to pay such fees or give security therefor." § 1915(a)(1). That statute also provides, however, that a court "shall" dismiss a case brought by a plaintiff proceeding *in forma pauperis* if the court determines that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i-iii). An *in forma pauperis* complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (citation omitted). The Sixth Circuit has directed district courts to examine suits brought by plaintiffs seeking to proceed *in forma pauperis* "the moment the complaint is filed" for compliance with § 1915(e)(2), instructing that complaints that do not fall within 1915(e)(2)'s requirements "must be dismissed." *McGore v. Wrigglesworth*, 114 F.3d 601, 608-609 (6th Cir. 1997) (overruled in part on other grounds, *Jones v. Bock*, 549 U.S. 199, 203 (2007)).

## II. DISCUSSION

### a. Wright may proceed without prepaying fees or costs

In his application to proceed without prepaying fees or costs, Wright indicates that he is currently unemployed. Application, ECF No. 2, PageID.18-19. Wright represents that he has regular monthly expenses of approximately one thousand dollars and also identifies debts of approximately fifty thousand dollars. Id. Based on this information,

the Court will grant Wright's application to proceed without prepaying the fees and costs that would otherwise apply.

### b. Wright's complaint will be dismissed for failure to state a claim upon which relief may be granted, but Wright may amend his complaint

Wright's operative complaint begins with a completed copy of the Eastern District of Michigan's pro se complaint form for employment discrimination cases. Wright identifies his former employer, Rocket Auto LLC, and several of its managers as defendants. Those managers are Cassandra Smith, Rocket's Regional VP of Sales; Jesse Houtz, a Director of Sales; Ryan Chesney, a Director of Sales; and Carrianne Przybylowicz, a Director of Sales/Recruiter. Compl., ECF No. 1, PageID.2-3

In the "Statement of Claim" section, Wright checked the boxes for "Failure to promote me," "Failure to accommodate my disability," and "Unequal terms and conditions of my employment." *Id.* at PageID.5. As the basis for this alleged discrimination, Wright checked the box marked "disability or perceived disability," and wrote the following: "ADHD (undiagnosed) [and] Glaucoma." *Id.*

To state a claim under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.*, Wright must show that Rocket Auto subjected him to an "adverse employment action." *Talley v. Fam. Dollar Stores of Ohio, Inc.*, 542 F.3d 1099, 1107 (6th Cir. 2008). That means a "materially adverse change in the terms or conditions of [his] employment because of [his] employer's conduct." *Id.* (citation omitted). An adverse

3

employment action must be something more than the "petty slights or minor annoyances that often take place at work and that all employees experience." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

Wright attaches a handwritten sheet with some factual support for his claims. But while these facts may suggest injuries to Wright's dignity, there is no clear link to Wright's disability, and all seem to be the sort of "petty slights" the Supreme Court has explained are not actionable. Of the six incidents Wright describes, only one has any apparent relation to Wright's claimed disability: "My RVP, Cassandra Smith told me I was not much at all when I explained my ADHD to her and her I can be a little much at times." ECF No. 1, PageID.6. It is not clear to the Court how that statement constitutes actionable discrimination.

Although Wright checked the boxes claiming as much, he has not included enough facts to support the claims that Rocket Auto failed to promote him, refused to accommodate his disability, or subjected him to unequal terms of conditions of employment. He does not, for example, allege that Rocket Auto denied him a promotion for which he was eligible. Nor does he point to any accommodation Rocket Auto refused to provide, or describe the unequal terms and conditions to which he was subject.

The Court is sensitive to the fact that it must "liberally constru[e]" the allegations in Wright's complaint, because the pleadings of self-represented litigants "are held to less stringent standards than formal

4

pleadings drafted by lawyers" *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). But that liberal construction has limits—a court is not required to "conjure allegations on a litigant's behalf," and a pleading must provide notice to the opposing party of the relief sought. *Erwin v. Edwar*ds, 22 F. App'x 579, 580 (6th Cir. 2001). Nor is a court required to "scour the record" on a litigant's behalf for evidence supporting their claims or otherwise craft a party's arguments for them. *Hartwell v. United States*, 2005 WL 3478380, at *7 (E.D. Mich. Dec. 20, 2005)

Instead, to state a claim, allegations in the complaint "must be enough to rase a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Ultimately, even under a liberal reading, the Court cannot identify the contours of Wright's discrimination claim. The factual basis section of his complaint does not state a claim for disability discrimination.

Wright also urges that "additional supporting evidence" is posted on his Twitter account. But a court's review of the factual sufficiency of a complaint "must be undertaken without resort to matters outside the pleadings" except in limited circumstances, none of which apply here. *Atlas Techs., LLC v. Levine*, 268 F. Supp. 3d 950, 958 (E.D. Mich. 2017) (citing *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010)). Undifferentiated posts on a social media website are not the proper way to present a claim for relief. Instead, Wright should file an amended complaint that clearly explains (1) what his employer,

5

supervisors, or coworkers did, (2) how that conduct harmed him, and (3) how that conduct can be considered discrimination on the basis of a disability.

As currently written, Wright's complaint fails to state a claim upon which relief may be granted, does not satisfy the requirements of 28 U.S.C. § 1915(e), and must be dismissed. However, Wright is granted permission to amend his complaint and flesh out his allegations about discrimination.

### III. CONCLUSION

Although Plaintiff is entitled to proceed without prepaying the ordinary filing fee that applies to civil cases, Plaintiff has not stated a claim upon which relief may be granted. Therefore, it is **ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is **GRANTED**. It is **FURTHER ORDERED** that the Plaintiff's complaint (ECF No. 1) is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2). **IT IS FURTHER ORDERED** that Plaintiff may amend his complaint to cure the deficiencies identified in this order.

**IT IS SO ORDERED.**

Dated: November 22, 2022

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE